UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| RAFAEL ROSA, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:23-cv-00445-JMS-MJD |
| | ) | |
| SETH WONDER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

On September 12, 2023, the Court recruited attorney Reid Dodge to represent Plaintiff in this matter. [Dkt. 5.] In the ensuing months, several additional attorneys from Mr. Dodge's firm also appeared on behalf of Plaintiff. On May 22, 2024, the lawyers, hereinafter referred to as "Recruited Counsel," filed a motion pursuant to Local Rule 83-7 seeking to withdraw their appearances. [Dkt. 50.] Recruited Counsel represented that

> [t]hroughout this case, Mr. Rosa has been unable to maintain meaningful contact with Recruited Counsel. Recruited Counsel has attempted to communicate with Mr. Rosa at the email addresses and phone numbers provided by Mr. Rosa. Most recently, Recruited Counsel has been unable to obtain information from Mr. Rosa that was necessary to meet the Court's deadlines. Recruited Counsel repeatedly advised Mr. Rosa of the need for timely communication, the consequences of failing to maintain communication, and that Recruited Counsel may have no choice but to withdraw as his counsel. However, communications have not improved. Instead, Mr. Rosa has stopped meaningfully responding to Recruited Counsel's email and voicemails.

[Dkt. 50 at 2.] They further represented that "[t]he lack of communication from Mr. Rosa regarding this matter has led to a complete breakdown in the attorney-client relationship, creating a personal incompatibility between Mr. Rosa and Recruited Counsel." *Id.*

The Undersigned set a telephonic *ex parte* hearing on the motion to withdraw on June 18, 2024. [Dkt. 53.] The order setting the hearing required Plaintiff Rosa, along with at least one of his attorneys, to attend the hearing by telephone. Counsel appeared; Plaintiff did not. [Dkt. 54.]

The Undersigned then issued an Order to Show Cause, which ordered Plaintiff Rosa to appear, in person, on July 2, 2024, to show cause why he should not be sanctioned for his failure to comply with the order to appear at the telephonic hearing. [Dkt. 55.] The Order further provided: **Mr. Rosa is hereby advised that, if he again fails to appear for the show cause hearing, the Court will recommend the dismissal of this case for his repeated failure to comply with the Court's orders.** [*Id.* (emphasis in original).] Plaintiff again did not appear. [Dkt. 59.]

Given Plaintiff's failure to comply with two orders to appear, as well as his failure to cooperate with his counsel, the Undersigned believes that dismissal of this case pursuant to Federal Rule of Civil Procedure 41(b) is appropriate. Accordingly, the Undersigned **RECOMMENDS** that this case be dismissed, with prejudice.

Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), and failure to timely file objections within fourteen days after service shall constitute a waiver of subsequent review absent a showing of good cause for such failure.

SO ORDERED.

Dated: 3 JUL 2024

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

Rafael Rosa, III
2262 Market Street
Apt. #2
San Diego, CA 92102